IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARTIN N. BELL   and
LT. GEN. JAMES LONGSTREET CHAPTER of      CASE: 5:20-cv-00338
MILITARY ORDER OF THE STARS AND BARS
 GEORGIA SOCIETY INC.,
          Plaintiffs

VS

MACON-BIBB COUNTY, MAYOR ROBERT REICHERT,
AL TILLMAN, LARRY SCHLESINGER, ELAINE LUCAS,
 BERT BIVINS III, VIRGIL WATKINS, JR.,
          Defendants

### PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND

COME NOW Plaintiffs MARTIN N. BELL   and  LT. GEN. JAMES

LONGSTREET CHAPTER MILITARY ORDER OF THE STARS AND

BARS GEORGIA SOCIETY INC.,("Plaintiffs"), by and through its

undersigned counsel, and in support of its Motion to Remand  this case to

the Superior Court of Bibb County, Georgia,  asserts:

1. The Courts of Georgia  are the proper and appropriate forums for the

    adjudication of the issues involved in this and similar cases  being

    litigated throughout the State ,  at least one of which (Newton County)

    has already been appealed to the Court of Appeals of Georgia.

1

2.  The inclusion by Plaintiffs of Count II  42 U.S.C. § 1983 claims
    although providing  an original jurisdiction  basis for removal have
    been dropped by Plaintiffs.  In any case,  such claims   never were the
    primary basis of the original Complaint.  The primary claim was and
    is based on O.C.G.A. 50-3-1 's  prohibition of arbitrary, capricious,
    and malignant moving, obscuring,  and defacement of public
    memorials of *all* sorts—including those commemorating the military
    service of soldiers and sailors  during the war of 1861-1865.

3.  In the Fourth Circuit case of *Lontz v. Tharp* , 413 F 3d 435, 444
    (2005)  the Court noted that "[r]emoval statutes do not create
    jurisdiction. They are instead a mechanism to enable federal courts to
    hear the cases that are already within their original jurisdiction."
    Surely, this means  within their *primary and appropriate*
    jurisdiction—jurisdiction now mooted due to Plaintiffs dropping their
    federal claims.

4.  Pursuant to 28 U.S. C. §1331 "the district courts shall have original
    jurisdiction of all civil actions arising under the Constitution, laws, or
    treaties of the United States" 28 U.S.C. §1331. Federal District Courts
    have subject matter jurisdiction over cases that raise federal questions.
    The case at bar was never about federal questions—unless it be said

2

that  Counsel's original Complaint by suffering from trying to "add in the kitchen sink"  provided Defendants a clever way to play "gotcha!" and remove to the less appropriate federal forum.

5. <u>The court has the discretion to remand the case to Bibb County</u>.   A federal court retains discretion to remand a removed case if the federal law claims are no longer in the case and only the supplemental state law claims remain. *Hartman v. Cadmus-Cenveo Co*, Civ. No.

13-7494, 2014 U.S. Dist. LEXIS 131517 (E.D. Pa. Sept. 19, 2014).

In this case the state law claims are not merely supplemental—they are primary.

6. <u>Factors for Exercise of Discretion</u>      When exercising this discretion a federal court should consider and weigh the values of  judicial economy;  convenience;  fairness; and comity  in deciding whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.    When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit *in its early stages* and only state-law claims remain, the federal court should decline the

3

exercise of jurisdiction.   [   from   YOU RECEIVED A NOTICE OF

REMOVAL TO FEDERAL COURT–NOW WHAT?  A Case Study Presented

by Pamela L. Shipman, Esq. & Sasha B. Coffiner, Esq.,

{https://www.lycolaw.org/uploads/CLE materials/20170419federal.pdf.}

(emphasis supplied)

7. *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1317

(M.D. Ala. 2006)   recognized that "[a] court must strictly construe

the requirements of the removal statute, as removal constitutes an

infringement on state sovereignty."

This honorable Court has the inherent authority to decline jurisdiction of this

matter and to  dismiss  the removal to federal court and remand the matter to

the Superior Court of Bibb County wherein all parties can be assured of

receiving fair and scholarly treatment of  the issues involved in this case.

Respectfully argued, this 22nd  day of September, 2020.

/s/ Walker L. Chandler_____
Georgia State Bar No. 120675
Attorney for Plaintiffs

Chandler and Chandler Law Group
101 Gleneagle Point
Peachtree City, Georgia 30269
walker@chandlerandchandlerlaw.com
770 468 6538

CERTIFICATE OF SERVICE

I hereby certify that, on the date indicated below, I submitted this

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND**

to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record.

Duke R. Groover

Lee M. Gillis

S. Elizabeth Hall

*Attorneys for Defendants*

This 22nd day of September, 2020.

/s/ Walker L. Chandler _____
Georgia State Bar No. 120675
Attorney for Plaintiffs

Chandler and Chandler Law Group
101 Gleneagle Point
Peachtree City, Georgia 30269
walker@chandlerandchandlerlaw.com
770 468 6538